UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVEN K. SAVAGE, | Case No. 1:06CV2963 |
| Petitioner, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| ERNIE MOORE, Warden, | **MEMORANDUM OF OPINION** |
| Respondent. | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Petitioner Steven K. Savage's Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (ECF Dkt. #1) .  For the following reasons, the Court ACCEPTS and ADOPTS the Magistrate's Report and Recommendation and grants Respondent's Motion to Dismiss the Petition as Time Barred (ECF Dkt #7) and dismisses the petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's Report and Recommendation adopted and incorporated, provides a more complete and detailed discussion of the facts.  On August 29, 2001, the Lake County, Ohio Grand Jury indicted Petitioner on: one count of Rape, with a sexually violent predator specification; one count of Kidnaping, with a sexual motivation specification and a sexually violent

predator specification; two counts of Attempted Rape, with sexually violent predator specifications; and one count of Sexual Battery with a sexually violent predator specification.    On  January 8,  2002, Petitioner signed a plea of guilty to one count of Rape, without  specification, in  violation of Ohio Revised Code ("O.R.C.") Section 2907.02(A)(2), and  the Lake County, Ohio Court of Common Pleas  entered judgment convicting Petitioner of the  offense. On February 7, 2002, the trial court held a sentencing  hearing where the trial judge found Petitioner to be a sexual predator. Based upon Petitioner's guilty plea and the foregoing factual findings, the trial court sentenced Petitioner to seven years of imprisonment and up to a five year term of post release control, to be determined by the Ohio Parole Board.  The trial court also entered a "Judgment Entry Following a Sexual Predator Hearing," stating that it had found Petitioner to be a sexual predator by clear and convincing evidence.  The trial court issued a notice of the sexual predator finding and sexual predator reporting requirements to Petitioner.  On July 31, 2002, Petitioner filed Assignments of Error and a Memorandum in Support in the Ohio Court of Appeals for the Eleventh District[1].   On September 29, 2003, the Ohio Court of Appeals affirmed Petitioner's conviction.

On November 12, 2003, Petitioner filed an appeal in the Supreme Court of Ohio. Respondent concedes  this appeal was timely filed.   On January 21, 2004, the Supreme Court of Ohio declined jurisdiction to hear the appeal because it did not involve a substantial constitutional question.  On June 22, 2005, Petitioner filed a Petition for Post-Conviction Relief in the Lake County Court of Common Pleas pursuant to O.R.C. §

---

[1]     The record is unclear when Petitioner filed his appeal.

2953.23(A)(1)(a).   The state filed a Motion to Dismiss the Petition as Untimely pursuant to O.R.C. §2953.21(A)(2).  On July 18, 2005, the court dismissed the petition as untimely.  On September 27, 2005, Petitioner filed an appellate brief in the Ohio Court of Appeals for the Eleventh District.[2]   On June 30, 2006, the Ohio Court of Appeals issued an opinion and judgment entry denying Petitioner's appeal.   On August 3, 2006, Petitioner filed a Memorandum in Support of Jurisdiction for an Appeal to the Supreme Court of Ohio.[3]   On November 1, 2006, the Supreme Court of Ohio declined jurisdiction because the case did not involve a substantial constitutional question

On July 8, 2005, while his Petition for Post-Conviction Relief was pending, Petitioner filed a Motion Correct Sentence pursuant to Ohio Rule of Criminal Procedure 32.1.  On July 22, 2005, the Court of Common Pleas denied the motion.  On October 14, 2005, Petitioner filed an appeal of the trial court's decision in the Ohio Court of Appeals.  On June 30, 2006, the Court of Appeals affirmed the trial court's ruling.  On August 3, 2006, Petitioner filed an appeal in the Supreme Court of Ohio, which Respondent concedes was timely.  On October 18, 2006, the Supreme Court of Ohio declined jurisdiction because the case did not involve a substantial constitutional question.

On November 30, 2006, Petitioner, *pro se*, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 asserting the following claims:

**GROUND ONE:**  Petitioner was denied due process, and [the] right to [a]

---

[2]     The record is unclear when Petitioner filed his appeal.

[3]     Again ,the record is unclear when Petitioner filed his appeal.

3

>jury trial by judicial fact finding of elements not contained in [the] charging instrument to enhance his sentence beyond the statutory maximum [in] violation of the Fifth, Sixth and Fourteenth Amendments of the Constitution. (This Court's addition.)
>
>**Supporting Facts:** The maximum prison term available under Ohio law for a single felony of the first degree, absent additional facts beyond those presented in the indictment and/or admitted by the defendant is three years. In this case, the trial court made judicial fact findings of facts [sic] not alleged, depriving Petitioner of notice and opportunity to be heard, and unlawfully enhanced Petitioner's sentence based upon judicial fact finding.
>
>**GROUND TWO:** Petitioner was deprived the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments.
>
>**Supporting Facts:** Petitioner's counsel advised him erroneously on a clear point of law, failed to raise any objection to the imposition of an unlawful sentence, and failed to raise any objection to judicial fact findings of elements not alleged in the indictment used to enhance Petitioner's sentence to over three times the statutory maximum.

On June 21, 2007, Respondent filed a Motion to Dismiss the Petition as Time-Barred. On July 9, 2007, Petitioner filed a Memorandum in Opposition to the Motion. The Magistrate Judge issued his Report and Recommendation on October 15, 2007. Petitioner filed his Objections to the Report and Recommendation on December 27,

2007.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect.  *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the  report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings made by the magistrate.

## ANALYSIS

The Magistrate Judge determined Petitioner's claims were time- barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  In general, a state

5

prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Magistrate Judge determined Petitioner's time for seeking direct review expired and his conviction became final on April 20, 2004, as the following calculation shows. The Supreme Court of Ohio declined jurisdiction to review Petitioner's direct appeal on January 21, 2004. Petitioner had ninety days, that is until April 20, 2004, in which to file a petition for a writ of certiorari in the U.S. Supreme Court. Sup. Ct. R. 13. Therefore, Petitioner's AEDPA statute of limitations began running on April 21, 2004 unless another section of 28 U.S.C. § 2244(d)(1) applies. *Abela,* 348 F.3d at 172-73. Since Petitioner's conviction was final before the *Blakely* decision (June 24, 2004), the *Booker* decision (January 12, 2005), and the *Foster* decision (December 27, 2006), 28 U.S.C. § 2244(d)(1)(C) does not apply. Petitioner's one year period began to run the day

after his direct appeal became final rather than on the day following the announcement of *Blakely*, *Booker*, or *Foster*. Therefore, the Magistrate Judge determined Petitioner's claims were time- barred.

In his objections to the Magistrate Judge's Report and Recommendation, Petitioner alleges that equitable tolling applies in this case because he is actually innocent of the uncharged elements used to enhance his sentence. Petitioner has presented no evidence in support of his actual innocence claim. The Sixth Circuit has held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). The Southern District of Ohio has recently summarized the burden for establishing actual innocence:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway [the AEDPA statute of limitations] and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* At 327. The

> Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Medina v. Wolfe*, No. 2:06-CV-921, 2007 WL 2323381 at *9, slip op. (S.D. Ohio August 9, 2007). Having presented no evidence in support of his claim, this Court agrees with the Magistrate Judge's Report that Petitioner has failed to meet his burden of establishing actual innocence.

The Magistrate Judge's Report and Recommendation determined Petitioner is not otherwise entitled to equitable tolling because he has not shown his failure to comply with the AEDPA statute of limitations is the result of circumstances beyond his control. Petitioner does not claim that he lacked notice or constructive knowledge of the AEDPA statute of limitations, and prejudice to the respondent may be considered only if the other factors of the test are met. *Dunlap*, 250 F.3d at 1009. The issue, therefore, is whether Petitioner was diligent in pursuing his claims. Petitioner demonstrated his lack of diligence by allowing 427 days to pass between the time his conviction became final and the time he filed a petition for post-conviction relief in the state court. As a result of Petitioner's lack of diligence and his failure to establish lack of notice of the AEDPA statute of limitations, equitable tolling is not available to save Petitioner's Petition.

For the foregoing reasons, the Court finds Petitioner's habeas petition is barred by the one year limitation period set forth in the AEDPA. The Court adopts and accepts the Magistrate Judge's well-reasoned Recommendation , grants Respondent's Motion to Dismiss the Instant Petition for Writ of Habeas Corpus (ECF Dkt.#7), with prejudice, as time-barred by 28 U.S.C. § 2244(d).

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a) (3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c) (2); Fed. R. App.P.22(b).

IT IS SO ORDERED.

Date: February 5, 2008 /s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE